UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JANELLE HORNE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

NISSAN NORTH AMERICA, INC. and NISSAN MOTOR CO. LTD.,

Defendants.

No. 2:17-cv-00436-MCE-DB

**MEMORANDUM AND ORDER**

Through the present class action, Plaintiff Janelle Horne ("Plaintiff") seeks damages from Defendants Nissan North America, Inc. and Nissan Motor Co. Ltd. ("Defendants") for violations of California state law. Specifically, Plaintiff seeks relief for: (1) violations of the California False Advertising Law, (2) the California Consumer Legal Remedies Act ("CLRA"), (3) the California Unfair Competition Law ("UCL"), and (4) breach of warranty. Pending before the Court is Defendants' Motion for Change of Venue, in which Defendants request transfer of this case to the Northern District of California under 28 U.S.C. §1404(a) pursuant to the so-called "first-to-file" rule. (ECF No. 19). Plaintiff filed an Opposition to Defendants' Motion. (ECF No. 22.) For the following reasons, Defendants' Motion is GRANTED.[1]

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

# BACKGROUND

### A. Horne Action[2]

On January 4, 2017, Plaintiff filed a Class Action Complaint against Defendants in the Solano County Superior Court. ECF No. 1-2 (hereinafter "Horne Action"). Plaintiff brings this action on behalf of herself and "all persons who purchased or leased in the State of California a model year 2008-present Nissan or Infiniti vehicle, with a factory-installed sunroof made of tempered glass." ECF No. 1-2, ¶ 54. Defendants removed the case to this Court under 28 U.S.C. § 1332(d), the Class Action Fairness Statute, and the provisions of 28 U.S.C. § 1453. ECF No. 7.

Plaintiff leased a new 2016-model Infiniti QX80 SUV in September 2016 from an Infiniti dealership in Fairfield, California.[3] Plaintiff was driving the leased vehicle onto the freeway at less than fifty miles per hour when the vehicle's sunroof shattered. Plaintiff took the car to a Nissan dealership, where Plaintiff alleges Nissan refused her warranty coverage, would not reimburse her for costs of repair, and generally deflected any responsibility for the incident. At the time of the incident, Plaintiff's vehicle had fewer than 3,000 miles on the odometer and was within its four-year basic warranty period.

Plaintiff alleges that Defendants knew or should have known about the defective sunroof in her vehicle as well as those on vehicles sold or leased to other class members. Plaintiff further alleges that Defendants concealed or failed to disclose the defects to Plaintiff and the class members.

///

///

---

[2] Defendants request that the Court take judicial notice of certain documents submitted in support of Defendants' Motion, specifically the Federal Court Management Statistics, Reporting Period March 31, 2017, webpage. ECF No. 20. Courts often take judicial notice of information procured from websites run by the state and federal governments. See, e.g., United States v. Garcia, 855 F.3d 615 (4th Cir. 2017). Therefore, because the requested website is run by the United States Government, Defendant's request for judicial notice of the information on the website, which has not been opposed, is GRANTED.

[3] Unless otherwise noted, the recitation of facts pertaining to the Horne Action is taken from Plaintiff's Complaint. ECF No. 1-2.

**B.  Johnson Action[4]**

On February 1, 2017, Plaintiff Sherida Johnson ("Johnson Plaintiff") filed a putative class action in the United States District Court for the Northern District of California.[5] ("Johnson Action").  The Johnson Plaintiff seeks relief for: (1) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq.; (2) unjust enrichment; (3) violation of UCL; (4) violation of the CLRA; and (5) violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 et seq.

For the federal claims in the action, the Johnson Plaintiff brings her action on behalf of herself and, "[d]uring the fullest period allowed by law, all persons and entities residing in the United States, including its territories, who purchased or leased a Class Vehicle."  For the California-specific claims, the Johnson Plaintiff brings the action on behalf of herself and, "[d]uring the fullest period allowed by law, all persons and entities residing in California who purchased or leased a Class Vehicle in California."  The Johnson Plaintiff defines "Class Vehicle" as including the following models when equipped with the panoramic sunroof at issue: model years 2008-present Nissan Altima, Maxima, Pathfinder, Rogue, and Sentra; model years 2009-present Nissan Murano; and model years 2011-present Nissan Juke.  In her complaint, the Johnson Plaintiff notes that she anticipates amending the Class Vehicles definition "upon Nissan identifying in discovery all of its vehicles manufactured and sold with the panoramic sunroof feature."

///
///
///

---

[4] Defendants request that the Court take judicial notice of the Class Action Complaint and Plaintiff's Opposition to Defendant's Motion to Dismiss, filed in Johnson v. Nissan North America, Inc., 3:17-cv-00517-WHO. ECF 20.  Because the Court may judicially notice court documents, Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993), and because this request is also unopposed, Defendants' request for judicial notice is GRANTED.  The Court further notes that Plaintiff has also requested judicial notice of certain documents pursuant to Federal Rule of Evidence 201.  ECF No. 23.  That request is also unopposed and is GRANTED.

[5] Unless otherwise noted, the following recitation of facts in the Johnson Action is taken from the Johnson Plaintiff's Complaint.  ECF No. 20-1, Ex. 1.

## STANDARD

Under 28 U.S.C. § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The purpose of this rule is to "prevent waste in time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).

In addition, the federal comity doctrine allows a district court to "decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982). When two cases are substantially identical and are filed "in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." Id. at 95. The Ninth Circuit generally favors application of this so-called "first-to-file" rule, enunciating only a few exceptions to its application stemming from forum shopping, anticipatory suit, and bad faith. Sacramento E.D.M., Inc. v. Hynes Aviation Industries, Inc., 2013 WL 1450505, at *5 (E.D. Cal. Apr. 9, 2013). Moreover, even if the first-to-file rule does not strictly apply to a certain case, the decision to transfer a case ultimately rests in the discretion of the court, and depends on several factors designed to further "the interests of justice," as laid out in § 1404(a).

The first-to-file rule is discretionary, and should be applied "with a view to the dictates of sound judicial administration." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1161 (9th Cir. 2011) (quoting Pacesetter Sys., 678 F.2d at 95). Strict identity between the parties and the issues of the two actions in question is not required, but rather only "substantial similarity." Negrete v. Petsmart, Inc., 2013 WL 4853995, *2-*3 (E.D. Cal. Sept. 10, 2013). The second-filed district court may, in its discretion, transfer, stay, or dismiss the case. Id. at *2.

# ANALYSIS

## A. Chronology of the Two Actions

As discussed above, when duplicative actions are filed in courts of concurrent jurisdiction, the court "which first acquired jurisdiction generally should proceed with the litigation." Negrete, 2013 WL 4853995, at *2. Here, the Johnson Action was originally filed in the U.S. District Court for the Northern District of California on February 1, 2017. The Horne Action was originally filed in Solano County Superior Court on January 4, 2017, but removed to this Court on February 27, 2017. Therefore, the Northern District acquired jurisdiction over its case several weeks before the Horne Action was removed to this Court.

## B. Similarity of the Parties

Strict identity of the parties in the two actions is not required, but rather only substantial similarity. Adoma v. University of Phoenix, Inc., 711 F. Supp. 2d 1142, 1147 (E.D. Cal. May 3, 2010). Further, in a class action, "the classes, and not the class representatives, are compared." Id. "The rule is satisfied if some parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." Medlock v. HMS Host USA, Inc., 2010 WL 5323990 (E.D. Cal. Dec. 16, 2010).

Here, the two named defendants in each of the Horne and Johnson Actions are identical – Nissan North America, Inc. and Nissan Motor Co. Ltd. Further, there is substantial similarity between the classes in both actions in that the Johnson class encompasses the Horne class. The former includes purchasers and lessees of certain Nissan models that had the defective sunroofs, and the Johnson Plaintiff notes in the complaint that she anticipates amending the class "upon Nissan identifying in discovery all of its vehicles manufactured and sold with the panoramic sunroof feature." The Horne group is essentially a subclass of the Johnson class, being comprised of purchasers and lessees of Infiniti models that had the panoramic sunroof feature. Upon discovery to

determine which of all of Nissan's vehicles, including its Infiniti line, were sold or leased with the sunroof feature, the Johnson class will ultimately subsume the Horne group. Moreover, there is almost complete factual identity between the experiences of the class members in both actions. Thus, the Court finds that the parties in the two actions are substantially similar.

### C. Similarity of the Issues

As with the parties, the first-to-file rule only requires substantial similarity of the issues in the two actions. Negrete, 2013 WL 4853995, at *3. Here, the allegations in both actions arise from the same underlying events with the same defendants. The claims in the Johnson Action largely overlap with and subsume those asserted in the Horne Action. Although the Johnson Action includes a nationwide class, the Johnson Plaintiff also asserts California-specific allegations for a California subclass, which allegations essentially cover the same claims as those asserted in the Horne Action. For example, the Horne Plaintiff asserts claims for violations of the UCL, the CLRA, and breach of warranty law. Similarly, the Johnson California subclass asserts claims under the UCL, CLRA, and California's Song-Beverly Act, which provides protection for consumer warranties. The allegations in the two actions would require the two courts to make "similar determinations," since the underlying facts giving rise to the claims are virtually identical. Negrete, 2013 WL 4853995, at *4.

Therefore, the Court finds that the issues in the two cases are substantially similar, justifying application of the first-to-file rule in support of transfer to the Northern District of California.

### D. Exceptions

As discussed above, the Ninth Circuit has specified several exceptions to the first-to-file rule, namely "bad faith, …anticipatory suit, and forum shopping." Alltrade, 946 F.2d at 628. Plaintiff does not raise any of these exceptions, and the Court does not find that any of them are presented by transferring this case.

///

Transferring this case to the Northern District of California would further the principle of comity as well, as it would preserve judicial resources, avoid duplicative litigation, and avoid the potential "embarrassment of conflicting judgments." Negrete, 2013 WL 4853995, at *4 (quoting Church of Scientology of Cal. v. U.S. Dep't of Army, 611 F.2d 738, 750 (9th Cir. 1979)). Because there is substantial similarity between the claims and parties of the two actions, and the Johnson Action encompasses the Horne Action, the Court finds that transfer to the Northern District is appropriate.[6]

Plaintiff argues that the first-to-file rule does not apply to this case, and raises competing precedent that the Solano County filing date should be considered the relevant time for this analysis. As noted above, this Court, as well as the Ninth Circuit, have previously determined that the date of removal provides the relevant date for the first-to-file rule. See Pacesetter, 678 F.2d 93; Negrete, 2013 WL 4853995. Regardless, the Court finds that transfer is warranted even if the first-to-file rule does not apply, because the similarity of the issues and furtherance of judicial efficiency weigh in support of transferring this case to the Northern District of California.

Defendants' Motion for Change of Venue is therefore GRANTED.

///
///
///
///
///
///
///
///
///

---

[6] Although Plaintiff argues that her choice of forum should be accorded substantial deference, where, as here, a plaintiff sues on behalf of a putative class, that choice is entitled to less weight. See Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

1. Defendants' Motion to Transfer Venue (ECF No. 19) is GRANTED;
2. The case is TRANSFERRED to the Northern District of California;[7]
3. The Clerk of this Court is directed to close the case.

IT IS SO ORDERED.

Dated: February 6, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[7] Given that transfer, this Court declines to address Defendants' concurrently filed Motion to Dismiss (ECF No. 11), which addresses Plaintiff's claims on their merits. That Motion is accordingly DENIED without prejudice to being refiled before the Northern District.